IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET L. GOODWIN, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL COFFEY, Judge Michael Coffey; <br><br> Defendant. | 8:17CV385 <br><br> MEMORANDUM AND ORDER |

Plaintiff filed her Complaint on October 13, 2017. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has filed suit against Defendant Judge Michael Coffey, "a state judge of Nebraska in Douglas County." (Filing No. 1 at CM/ECF p.2.) Plaintiff is the daughter of Billy Roy Tyler and alleges that Judge Coffey discriminates against her for that reason. Plaintiff alleges that Judge Coffey is engaged in a "conspiracy" with the Clerk of the District Court of Douglas County, Nebraska, to have all cases involving parties suspected of being associated with Billy Roy Tyler assigned to Judge Coffey. Once such cases are assigned, Judge Coffey "invariably violates the rights of such person." (*Id*. at CM/ECF p.3.)

Plaintiff alleges Judge Coffey discriminated against Plaintiff in her divorce case when he refused to award Plaintiff the marital home, custody of the children, child support, and alimony. The state court records relating to Plaintiff's divorce

case,[1] available to this court online, show that the case is currently pending on Plaintiff's appeal to the Nebraska appellate courts. The court takes judicial notice of these state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Plaintiff claims there is no basis in law or fact to award custody to Plaintiff's husband based on his criminal record and lifestyle, and Judge Coffey's decision to do so is "bizarre" and "contrary to the norm. (Filing No. 1 at CM/ECF p.4.) Plaintiff alleges that she is being denied due process and equal protection of the law as a result of Judge Coffey's decisions and handling of the proceedings. Plaintiff seeks an injunction against Judge Coffey and a declaration that Judge Coffey is violating Plaintiff's due process rights.

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[1] *Violet Goodwin v. David Goodwin*, Case No. CI17-2781, District Court of Douglas County, Nebraska.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A. Judicial Immunity**

Plaintiff's claims against Judge Coffey are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges Judge Coffey had her case assigned to him due to her relation to Billy Roy Tyler and proceeded to render decisions against her favor despite Plaintiff's "spotless" record. ([Filing No. 1 at CM/ECF p.4](#).) Although Plaintiff alleges he acted in violation of her rights to due process and equal protection, Plaintiff alleges no facts against Judge Coffey that would fall outside the scope of his duties in presiding over Plaintiff's divorce proceedings. Accordingly, Judge Coffey is immune from suit.

**B. Subject Matter Jurisdiction**

In addition to Defendants' immunity from suit, Plaintiff's claims for injunctive and declaratory relief are subject to dismissal under the domestic relations exception to federal court jurisdiction. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g.*, *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Here, the substance of Plaintiff's claims concerns state law domestic relations matters. This is particularly so where it is clear from Plaintiff's allegations and the available state court records that her divorce is the subject of ongoing state court proceedings. The state courts would be better equipped to handle the issues that have arisen in the course of Plaintiff's divorce proceedings and her displeasure with the decisions rendered by Judge Coffey. *See Overman v. U.S.*, 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and

comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

Further, even if the court did not lack jurisdiction based on the domestic relations exception, the court would refrain from exercising jurisdiction over Plaintiff's claims for equitable relief under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings are ongoing. Second, disputes concerning dissolution of a marriage and care and custody of minors implicate important state interests. Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any civil rights challenges. Accordingly, Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 29th day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge